# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Nathaniel Showalter,**
**Petitioner Below, Petitioner**

**FILED**

**December 20, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 18-0128** (Mercer County 17-C-428)

**J.T. Binion, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

# MEMORANDUM DECISION

Petitioner Nathaniel Showalter, pro se, appeals the January 26, 2018, order of the Circuit Court of Mercer County denying his petition for a writ of habeas corpus. Respondent J.T. Binion, Superintendent, Huttonsville Correctional Center,[1] by counsel Zachary Aaron Viglianco, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 23, 2014, a robbery occurred at the First Community Bank in Bluefield, West Virginia. Detective K.L. Adams of the Bluefield Police Department interviewed petitioner. During the interview, petitioner confessed to the bank robbery. On February 10, 2015, petitioner was indicted for first-degree robbery.

Subsequently, petitioner filed a motion to suppress the confession he gave during the interview with Detective Adams. On June 11, 2015, the circuit court held a hearing on the motion.

---

[1]Since the filing of the appeal in this case, the superintendent at Huttonsville Correctional Center has changed and the superintendent is now J.T. Binion. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

1

Detective Adams testified that he read petitioner's rights to him pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966); that petitioner signed a *Miranda* rights waiver form prior to giving his statement; and that he advised petitioner that petitioner did not have to speak to him. Detective Adams further testified that petitioner's confession corroborated facts of the robbery, including his description of the pellet gun used during the commission of the offense, the black clothing worn, and the direction in which the robber fled following the crime. While petitioner also testified at the suppression hearing, the circuit court found petitioner's testimony "incredible." The circuit court denied the motion to suppress, finding that petitioner's confession "was voluntary and not the product of duress or coercion by law enforcement."

Petitioner's trial commenced on October 27, 2015. After the close of all evidence, the circuit court instructed the jury on second-degree robbery and bank robbery as lesser-included offenses of first-degree robbery. Specifically, the court's charge stated:

> The offense charged in the indictment in this case is first-degree robbery. One of four verdicts may be returned by you under this indictment. They are: guilty of first-degree robbery; guilty of second-degree robbery; guilty of bank robbery; or not guilty.
>
> . . . .
>
> Before [petitioner] can be convicted of first-degree robbery, the State of West Virginia must overcome the presumption that [petitioner] is innocent and prove to the satisfaction of the jury beyond a reasonable doubt that [petitioner], in Mercer County, West Virginia, on or about June 23, 2014, did feloniously take, from the presence of employees of First Community Bank, against their will, U.S. currency belonging to First Community Bank and in the custody and control of the bank's employees by the threat of presenting a firearm, putting the employees in fear by the threat of the presented firearm with the intent to permanently deprive First Community Bank thereof.
>
> If after impartially considering, weighing, and comparing all the evidence, both that of the State and that of [petitioner], the jury and each member of the jury is convinced beyond a reasonable doubt of the truth of the charge as to each of these elements of first-degree robbery, you may find [petitioner] guilty of first-degree robbery as charged.
>
> If the jury and each member of the jury has a reasonable doubt of the truth of the charge as to any one or more of these elements of first-degree robbery, you shall find [petitioner] not guilty of first-degree robbery and deliberate on the lesser included offense of second-degree robbery as hereinafter instructed.
>
> . . . .
> [The circuit court then instructed the jury as to the elements necessary to convict petitioner of second-degree robbery.]

If after impartially considering, weighing, and comparing all the evidence, both that of the State and that of [petitioner], the jury and each member of the jury is convinced beyond a reasonable doubt of the truth of the charge as to each of these elements of second-degree robbery, you may find [petitioner] guilty of second-degree robbery as charged.

If the jury and each member of the jury has a reasonable doubt of the truth of the charge as to any one or more of these elements of second-degree robbery, you shall find [petitioner] not guilty of second-degree robbery and deliberate on the lesser included offense of bank robbery as hereinafter instructed.

. . . .

Before [petitioner] can be convicted of bank robbery, the State of West Virginia must overcome the presumption that [petitioner] is innocent and prove to the satisfaction of the jury beyond a reasonable doubt that [petitioner], in Mercer County, West Virginia, on or about June 23, 2014, did feloniously take from the presence of First Community Bank employees, against their will, U.S. currency belonging to First Community Bank, and in the custody and control of the bank's employees, by putting said employees in fear with the intent to permanently deprive First Community Bank thereof.

If after impartially considering, weighing, and comparing all the evidence, both that of the State and that of [petitioner], the jury and each member of the jury is convinced beyond a reasonable doubt of the truth of the charge as to each of these elements of bank robbery, you may find [petitioner] guilty of bank robbery.

If the jury and each member of the jury has a reasonable doubt of the truth of the charge as to any one or more of these elements of bank robbery, you shall find [petitioner] not guilty.

Following deliberations, the jury found petitioner guilty of first-degree robbery. The circuit court subsequently sentenced petitioner to sixty years of incarceration. In *State v. Showalter*, No. 16-0086, 2017 WL 75958 (W.Va. Jan. 9, 2017) (memorandum decision), petitioner challenged his conviction, arguing that the circuit court erred in denying his motion to suppress his confession. This Court found "no error in the denial of the motion to suppress" and affirmed petitioner's conviction. *Id.* at *3.

On December 7, 2017, petitioner filed a petition for a writ of habeas corpus, arguing that (1) his sentence of sixty years of incarceration was unconstitutionally disproportionate to his offense; and (2) his trial counsel failed to object when the instruction as to bank robbery did not include the element of "the use of a dangerous weapon." *See* W.Va. Code § 61-2-12(c). By order entered January 26, 2018, the circuit court found that petitioner's grounds for relief were without merit and denied the habeas petition.

It is from the circuit court's January 26, 2018, order that petitioner now appeals. In Syllabus Points 1 and 3 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016), we held:

    1.    "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

    . . . .

    3.    "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

On appeal, petitioner raises a single assignment of error: his trial counsel was ineffective in failing to object when the circuit court's instruction on the offense of bank robbery did not include the element of "the use of a dangerous weapon." *See* W.Va. Code § 61-2-12(c).[2] In Syllabus Point 5 of *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), we held:

    In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*,

---

[2]West Virginia Code § 61-2-12(c) provides, in full:

    If any person: (1) By force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management or possession of, any bank, he shall be guilty of a felony and, upon conviction, shall be confined in the penitentiary not less than ten nor more than twenty years; and (2) if any person in committing, or in attempting to commit, any offense defined in the preceding clause (1) of this subsection, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, disabling chemical substance or an electronic shock device, he shall be guilty of a felony and, upon conviction, shall be confined in the penitentiary not less than ten years nor more than twenty-five years.

4

466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.[3]

(footnote added). "Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *State ex rel. Vernatter v. Warden, W.Va. Penitentiary*, 207 W. Va. 11, 17, 528 S.E.2d 207, 213 (1999) (citing *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)).

Respondent argues that petitioner cannot show that trial counsel's failure to object to any alleged erroneous instruction regarding bank robbery prejudiced him. We agree and note that a jury is presumed to follow the court's instructions. *See State v. Corey,* 233 W.Va. 297, 310 n.22, 758 S.E.2d 117, 130 n.22 (2014) (instruction to disregard improper testimony) (citing Syl. Pt. 2, in part, *Rice v. Henderson*, 140 W.Va. 284, 83 S.E.2d 762 (1954)); *State v. Miller*, 197 W. Va. 588, 605-6, 476 S.E.2d 535, 552-53 (1996) (instruction to view the evidence and decide the case without bias).

Here, the circuit court instructed the jury not to deliberate on a lesser-included offense until it found petitioner not guilty as to the preceding offense. The jury never deliberated on petitioner's guilt or innocence as to bank robbery given that it convicted petitioner of first-degree robbery, the greater offense. Based on our review of the record, we find that petitioner has failed to establish that he was prejudiced in any way by the circuit court's charge to the jury. Accordingly, we conclude that the circuit court did not abuse its discretion in denying the habeas petition.

For the foregoing reasons, we affirm the circuit court's January 26, 2018, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: December 20, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[3]The second prong of the *Strickland/Miller* test is often referred to as the prejudice prong. *See State v. Hutton*, 235 W.Va. 724, 739, 776 S.E.2d 621, 636 (2015).

5